IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

URAIN ROBINSON,

    Petitioner,

v.                                      Civil Action No. **3:11CV707**

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION

Urain Robinson, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition.[2]

## I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:[3]

---

[1] That statute provides, in pertinent part:

  (c) The writ of habeas corpus shall not extend to a prisoner unless—
      (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
      (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
      (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

[2] The Court sentenced Robinson to 210 months of imprisonment for possession with intent to distribute cocaine. *United States v. Robinson*, 205 F. App'x 978, 978 (4th Cir. 2006). On March 5, 2008, the Court denied a prior 28 U.S.C. § 2255 motion filed by Robinson. (Mem. Supp. § 2241 Pet. (ECF No. 17) 5.)

[3] The Court has altered the footnote numbers in the quotations to the Report and Recommendation.

In his § 2241 Petition, Robinson challenges his sentence imposed by this Court. Petitioner contends, "I should not have been given a career offender enhanced sentence because I do not have the required prior offenses." (Supplemental § 2241 Pet. ¶ 7(a).) Specifically, Robinson argues:

> Robinson's two adult State of Virginia priors both occurred at the same time, precluding their use in a career provision under both the current and old Guidelines, as well as at law at 28 U.S.C. 994(i).
> Robinson's juvenile adjudication is similarly precluded because he had not yet reached the age of majority.
> Lastly, recent Fourt[h] Circuit juri[s]prudence indicates that one of the adult priors, the unlawful wounding, may not meet the criteria for a usable "crime of violence" under the Career Guideline provisions.

(Mem. Supp. Supplemental § 2241 Pet. 21 (spacing and capitalization corrected).) As explained below, under certain circumstances an inmate can challenge his or her conviction pursuant to 28 U.S.C. § 2241. Nevertheless, the relevant precedent from the United States Court of Appeals for the Fourth Circuit precludes an inmate from utilizing 28 U.S.C. § 2241 to challenge the propriety of a sentencing enhancement under the United States Sentencing Guidelines. Because Robinson challenges only a sentencing enhancement in his § 2241 Petition, it is RECOMMENDED that the action be DISMISSED for want of jurisdiction.

### A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (*quoting Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[4]

---

[4] An inmate may not file a second or successive § 2255 motion, unless a panel of the appropriate Court of Appeals certifies that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

2

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[5] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (*citing Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (internal citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is*

---

> clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

[5] This statute provides, "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief [under 28 U.S.C. § 2255], shall not be entertained . . . unless it also appears that the remedy [under 28 U.S.C. § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (*quoting In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

3

*not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B. Analysis of Robinson's 28 U.S.C. § 2241 Petition

Robinson fails to satisfy the second prong of *In re Jones*. *Id.* at 334. Specifically, Robinson fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The conduct of which Robinson stands convicted, possession with intent to distribute cocaine, remains a crime.

Robinson seeks to proceed by § 2241 to challenge his designation as a career offender and the resulting sentence. As explained below, Robinson fails to establish that he can utilize the savings clause and § 2241 to pursue alleged sentencing errors.

"Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (*citing In re Jones*, 226 F.3d at 333-34). Indeed, the Fourth Circuit has specifically refused to allow petitioners to utilize § 2241 to challenge their designation as a career offender. *See Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) ("[O]ur cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction . . . ."); *Little v. Hamidullah*, 177 F. App'x 375, 375-76 (4th Cir. 2006) (affirming district court's determination that a federal prisoner could not utilize § 2241 to pursue a "claim[ ] that he was 'actually innocent' of being a career offender"); *Boynes v. Berkebile*, No. 5:10-cv-00939, 2012 WL 1569563, at *6 (S.D. W. Va. May 1, 2012) ("[T]he Fourth Circuit has not broadened the parameters of the analysis of the savings clause in *Jones* to encompass a challenge to a sentence based on a sentenc[ing] guideline enhancement or a claim of 'actual innocence' of a sentenc[ing] guideline enhancement."). Because Robinson challenges only the validity of his sentence and not the legality of his underlying conviction, he cannot pursue such a challenge by a § 2241 petition. *Wilson*, 2012 WL 1245671, at *3.[6]

---

[6] Moreover, because Robinson has not demonstrated his factual innocence of the predicate crimes for his career offender designation, Robinson cannot demonstrate his actual innocence of the career offender designation. *See United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) (holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes" (*citing United States v. Maybeck*, 23 F.3d 888, 894 (4th Cir. 1994))); *Herndon v. Johns*, No. 5:11-HC-2092-FL, 2012 WL 3629211, at *2-3 (E.D.N.C. Aug 22, 2012).

(Nov. 27, 2012 Report and Recommendation 1–5 (alterations in original) (omissions in original).) The Court advised Robinson that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. Robinson filed an objection.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. ROBINSON'S OBJECTION

In his objection, Robinson cites *Yambo v. Scism*, No. 3:10–1939, 2011 U.S. Dist. LEXIS 149635 (M.D. Pa. Dec. 30, 2011) and contends that the Magistrate Judge erroneously concluded that Robinson cannot "challenge the fact that erroneously applied prior convictions to enhance his sentence can be a basis for attack on a petition filed pursuant to 28 U.S.C. § 2241." (Pet'r's Objs. 1–2.) In *Yambo*, the Court merely noted that the United States Court of Appeals for the Third Circuit "left open the possibility" that an inmate could utilize the savings clause and § 2241 to challenge his or her sentence. *Yambo*, 2011 U.S. Dist. LEXIS 149635, at *7–9 (citing

*Pollard v. Yost*, 406 F. App'x 635, 638 (3d Cir. 2011)). As noted by the Magistrate Judge, the Fourth Circuit has specifically refused to allow petitioners to utilize § 2241 to challenge their sentences and their designation as a career offender. *See Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011). Thus, Robinson's objection lacks merit and will be OVERRULED. The Report and Recommendation will be ACCEPTED and ADOPTED. Robinson's request to proceed *in forma pauperis* (ECF No. 4) will be GRANTED. The action will be DISMISSED FOR WANT OF JURISDICTION.

An appropriate Order will accompany this Memorandum Opinion.

Date: 9-3-13
Richmond, Virginia

/s/
James R. Spencer
United States District Judge